**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FRANCISCO CUADROS** | § | |
| | § | |
| **V.** | § | **CIVIL NO. 4:25-CV-1324-P** |
| | § | |
| **AMERICAN AIRLINES** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant American Airlines, Inc.'s Motion to Dismiss [doc. 7], filed January 23, 2026. Having carefully considered the motion, and noting that Plaintiff has wholly failed to file a response to the motion or an Amended Complaint as ordered by the Court,[1] the Court **FINDS and CONCLUDES** that Defendant's motion should be **GRANTED** for the reasons stated in Defendant's motion. Specifically, the Court notes that Plaintiff, in his Complaint [doc. 1], states that the basis for jurisdiction in this Court is the "U.S. Constitution - 14th Amendment." (Plaintiff's Complaint ("Pl.'s Compl.") at 3.) He claims that Defendant "established a punitive attendance points policy" that treats flight attendants differently than pilots. (*Id*. at 4.) In a Notice of Dispute attached to his Complaint, Plaintiff claims that such policy is "sexist and biased because flight attendants[, the majority of whom are women,] work under this punitive attendance policy, while the pilot group does not." (*Id*. at 10.) He also attaches a "Determination and Notice of Rights" from the Equal Employment Opportunity Commission ("EEOC") dated August 29, 2025, that notified him of, *inter alia*, his right to sue. (*Id*. at 23.)

---

[1] In an order dated February 9, 2026, the Court granted Plaintiff's Motion for Leave to File Amended Complaint, ordering Plaintiff to file such Amended Complaint no later than February 23, 2026 [doc. 10]. When Plaintiff failed to file an Amended Complaint by this deadline, the Court, in an order dated March 3, 2026, extended the deadline for Plaintiff to file such Amended Complaint to March 13, 2026 [doc. 13]. In this order, the Court stated, "Failure of Plaintiff to file an Amended Complaint will result in the Court ruling on Defendant's pending Motion to Dismiss based on Plaintiff's original Complaint." (Court's March 3, 2026 Order at 1.)

1

As set forth above, Plaintiff alleges that his claims arise out of the Fourteenth Amendment of the United States Constitution. However, as to such constitutional violations, Plaintiff can generally only sue state actors, not private individuals or businesses, for violating these constitutional rights. *See Sencial v. Coll*, No. 24-0874, 2024 WL 5515975, at *2 (E.D. La. June 21, 2024); *Sw. Bell Tel.*, *LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). Such lawsuits are brought under 42 U.S.C. § 1983 and require that the complained-of conduct was committed by a state actor under color of state law. *See Johnson v. Louisiana*, No. 09-0055, 2009 WL 1788545, at *2 (W.D. La. June 18, 2009). A private person will be considered a state actor for § 1983 purposes only in rare circumstances that are not implicated here. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). While Plaintiff may also be attempting to allege various claims against Defendant based on federal laws relating to employers, Plaintiff wholly fails to allege any such claims in his Complaint. Although Plaintiff apparently sought relief from the EEOC as to certain claims, there is no indication in his Complaint setting forth the basis of such claims.[2]

Because Plaintiff has not asserted any claims under Section 1983 against state actors acting under color of state law or asserted any viable and identifiable federal claims against Defendant, the Court **FINDS and CONCLUDES** that Plaintiff has failed to state a claim upon which relief can be granted and **RECOMMENDS** that the case be **DISMISSED WITH PREJUDICE**.

Because Plaintiff is proceeding *pro se*, his pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). The Court granted Plaintiff's motion for leave to file an amended complaint. However, Plaintiff has wholly failed to file an Amended Complaint. Thus, the Court has no choice but to

---

[2] The Court notes that Plaintiff did not attach to his Complaint a copy of the Charge of Discrimination that he filed with the EEOC.

2

assume that Plaintiff has asserted his "best case" against Defendant.  *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 6, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 23, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE